Slip Op 06-125

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| GERDAU AMERISTEEL CORP., | |
| Plaintiff, | |
| v. | |
| UNITED STATES, | Before: Gregory W. Carman, Judge |
| Defendant, | Court No. 04-00608 |
| and | |
| ICDAS CELIK ENERJI TERSANE ve ULASIM SANAYI, A.S., | |
| Defendant-Intervenor. | |

[Defendant's motion to dismiss for lack of jurisdiction granted.]

*Brickfield, Burchette, Ritts & Stone, PC* (*Damon E. Xenopoulos*), Washington, D.C., for Plaintiff.

*Peter D. Keisler*, Assistant Attorney General; *David M. Cohen*, Director; *Jeanne E. Davidson*, Deputy Director; *David S. Silverbrand*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice; *Robert E. Nielsen*, Of Counsel, Senior Attorney, Office of the Chief Counsel for Import Administration, U.S. Department of Commerce, for Defendant.

*Arnold & Porter LLP* (*Lawrence A. Schneider*), Washington, D.C., for Defendant-Intervenor.

Dated: August 10 , 2006

## OPINION

**Carman, Judge**: In this action, Plaintiff Gerdau Ameristeel Corporation ("Plaintiff" or

"Gerdau") challenges Defendant United States Department of Commerce's ("Defendant" or

"Commerce") final results in *Certain Steel Concrete Reinforcing Bars from Turkey*, 69 Fed. Reg. 64,731 (Dep't Commerce Nov. 8, 2004) ("Final Results"). Defendant moves to dismiss this action for lack of jurisdiction. Because all of the subject entries at issue have been liquidated, this Court lacks jurisdiction to hear this matter. Accordingly, Defendant's motion is granted, and this matter is dismissed.

## PROCEDURAL HISTORY

On May 21, 2003, Commerce initiated an administrative review on steel concrete reinforcing bars ("rebar") from Turkey. *Certain Steel Concrete Reinforcing Bars from Turkey*, 68 Fed. Reg. 27,781 (Dep't Commerce May 21, 2003) (initiation of antidumping review). The period of review is April 1, 2002, through March 31, 2003. On May 5, 2004, Commerce issued its preliminary results. *Certain Steel Concrete Reinforcing Bars from Turkey*, 69 Fed. Reg. 25,063 (Dep't Commerce May 5, 2004) (preliminary results). On November 8, 2004, Commerce issued its final determination. *Final Results*, 69 Fed. Reg. at 64,731. On December 17, 2004, and February 11, 2005, the United States Bureau of Customs and Border Protection ("Customs") liquidated subject entries.

On December 29, 2004, Plaintiff filed a timely action, challenging the company-specific dumping margin of 0.00 percent *ad valorem* assigned to ICDAS Celik Enerji Tersane ve Ulasim Sanayi, A.S. ("ICDAS"), which is Defendant-Intervenor in this case. On September 7, 2005, Defendant moved to dismiss pursuant to USCIT Rule 12(b)(1) for lack of jurisdiction, asserting that the relevant entries were properly liquidated pursuant to 19 U.S.C. § 1514(a) (2000).[1]

_____

[1] 19 U.S.C. § 1514(a)(5) provides, in pertinent part:

   [D]ecisions of the Customs Service, including the legality of all orders and

## STANDARD OF REVIEW

When considering a motion to dismiss, a court "must assume all well-pled factual allegations are true and indulge in all reasonable inferences in favor of the nonmovant." *Gould, Inc. v. United States*, 935 F.2d 1271, 1274 (Fed. Cir. 1991). The threshold question for any court, however, begins with jurisdiction.

## JURISDICTION

Statutory authority dictates this Court's jurisdiction. Plaintiff brings its claim under section 516A of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2)(B)(iii) (2000).[2] Compl. ¶ 1. This Court has exclusive jurisdiction to review cases properly brought under

---

findings entering into the same, as to –
. . .
(5)    the liquidation or reliquidation of an entry, or reconciliation as to the issues contained therein, or any modification thereof;
. . .
shall be final and conclusive upon all persons (including the United States and any officer thereof) unless a protest is filed in accordance with this section, or unless a civil action contesting the denial of a protest, in whole or in part, is commenced in the United States Court of International Trade . . . within the time prescribed . . . .

[2] 19 U.S.C. § 1516a(a)(2)(B)(iii) states, in relevant part:

(a)    Review of determination
. . .
(2)    Review of determinations on record
. . .
(B)    Reviewable determinations
The determinations which may be contested under subparagraph (A) are as follows:
. . .
(iii)    A final determination . . . by the administering authority or the Commission under section 1675 of this title.

19 U.S.C. § 1516a pursuant to 28 U.S.C. § 1581(c) (2000).[3]  Defendant, however, challenges this Court's subject matter jurisdiction and asserts Plaintiff's claim is rendered moot by proper liquidation.  Def.'s Mot. to Dismiss ("Def.'s Mot.") at 1-2.

It is well established that "liquidation [of subject merchandise] eliminates the only remedy available . . . for an incorrect review determination by depriving the trial court of the ability to assess dumping duties . . . ."  *Zenith Radio Corp. v. United States*, 710 F.2d 806, 810 (Fed. Cir. 1983).  Furthermore, without an injunction, liquidation means an interested party will "forever lose its statutory right" to challenge an administrative review.  *The Timken Co. v. United States*,  6 CIT 75, 80, 569 F. Supp. 65 (1983).

To balance this potential injustice, an interested party, on proper foundation, may request a preliminary injunction barring liquidation.  *SKF USA Inc. v. United States*, 28 CIT __, 316 F. Supp. 2d 1322, 1326-27 (2004); *cf. Shinyei Corp. of Am. v. United States*, 355 F.3d 1297, 1310 (Fed. Cir. 2004) (not requiring an injunction where suit was not brought under section 516A of the Tariff Act).  Because liquidation permanently deprives a party of the opportunity to contest the results of an administrative review by rendering moot the cause of action, courts routinely issue preliminary injunctions in antidumping cases.  *SKF,* 316 F. Supp. 2d at 1327, 1332; *see also Nucor Corp. v. United States*, 29 CIT __, 412 F. Supp. 2d 1341, 1348 (2005) ("preliminary injunctions restraining the liquidation of [period of review] entries are sought and granted almost reflexively in cases . . . challenging the outcome of administrative reviews").  The interested

---

[3] 28 U.S.C. § 1581(c) grants:

> The Court of International Trade shall have exclusive jurisdiction of any
> civil action commenced under section 516A of the Tariff Act of 1930.

party, however, must request an injunction. It is undisputed that such a request was never made in this case. Def.'s Mot. at 3; Pl.'s Resp. to Def.'s Mot. to Dismiss ("Pl.'s Resp.") at 9.

All parties to this action concede that the subject entries have been liquidated. Pl.'s Resp. at 5; Def.'s Mot. at 2; Def.-Intervenor ICDAS' Reply in Supp. of Mot. to Dismiss at 1. Moreover, this Court notes that Plaintiff had sufficient notice that the suspension of liquidation of subject entries was lifted upon publication of the *Final Results* in the Federal Register. Def.'s Mot. at 3; *Int'l Trading Co. v. United States*, 412 F.3d 1303, 1309 (Fed. Cir. 2005). Because Plaintiff's cause of action is rendered moot by liquidation of the subject entries, this Court lacks subject matter jurisdiction over this case.

## CONCLUSION

For the reasons stated herein, this Court holds that it lacks subject matter jurisdiction in this action and grants Defendant's motion to dismiss. Accordingly, this Court need not reach the merits of the case, and therefore, the motion for judgment on the agency record before this Court is hereby rendered moot. Judgment shall be entered accordingly.


　　　　　　　　　　　　　　　　　　　/s/ Gregory W. Carman
　　　　　　　　　　　　　　　　　　　　Gregory W. Carman


Dated: August 10, 2006
　　　　New York, New York